UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
XINGYAN CAO, et al.,

                              Plaintiffs,              MEMORANDUM
                                                   AND ORDER

                    -against-                            20-CV-2336 (RPK)

FLUSHING PARIS WEDDING CENTER
LLC, et al.,

                              Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       On November 5, 2021, this Court declined to consider defendant Max Huang's motion to compel discovery (DE #32), citing a series of procedural irregularities (see 11/5/21 Order). On November 9, 2021, Huang moved for reconsideration of the Court's Order (see DE #33), and the Court, after denying the motion in part, directed plaintiffs to show cause why they should not be compelled to provide the remaining discovery sought by Huang (DE #34). Plaintiffs have now responded to the motion (DE #35, DE #36). Treating Huang's motion for reconsideration as a renewed motion to compel, the Court rules as follows:

I.    Cao Deposition

       Huang seeks to compel the deposition of plaintiff Cao, the only plaintiff whose deposition has not been completed. Plaintiffs observe that discovery closed on September 29, 2021, and that the defense demand for Cao's deposition is thus untimely, and that, in any event, "such deposition will violate the Chinese Law because Plaintiff Cao is currently in

China" (DE #35 ¶ 13; see id. ¶¶ 3-6); plaintiffs' submission is silent as to when Cao is expected to return to the United States.

Given the parties' mutual disregard of the discovery deadline in scheduling depositions in this case, the Court will not preclude Huang from belatedly conducting Cao's deposition, as reportedly agreed upon by plaintiffs' counsel. According to Huang's pending letter-motion, the parties conducted all but Cao's deposition after the court-imposed extended deadline (DE #33 at 1) and, at the conclusion of the most recent deposition, "counsels for both parties" agreed to schedule Cao's deposition (DE #33 at 2). Plaintiffs do not address, let alone dispute, these facts, other than to note that the attorney previously representing plaintiffs has left the firm (DE #35 ¶ 7). In these circumstances, as a matter of fairness, the Court will allow the Cao deposition to go forward despite the close of fact discovery.

As for plaintiffs' assertion that a deposition of Cao would violate Chinese law, plaintiffs ignore the fact that, having selected this forum to litigate his claims, Cao may be ordered to submit to a deposition in this District. See Restis v. Am. Coalition Against Nuclear Iran, Inc., No. 13 Civ. 5032(ER)(KNF), 2014 WL 1870368, at *3 (S.D.N.Y. Apr. 25, 2014) (finding "no compelling circumstance exists to avoid the general rule that a non-resident plaintiff ought to make himself available for examination in the judicial district he selected as the forum in which to bring suit"). The Court need not at this time set a deadline for Cao to appear for his deposition; counsel are directed to confer in good faith to reach agreement on this scheduling matter. Suffice it to say, unless and until Cao makes himself available for a deposition in this District, he will not be permitted to offer any testimony or sworn statements at trial or in connection with any motion. See generally Ferrer v. Graham, Civil Action No. 9:13–CV–

0086 (NAM/DEP), 2014 WL 2116992, at *3 (N.D.N.Y. May 21, 2014) (considering list of sanctions in Rule 37(b)(2)(A)(i)-(vi) in connection with plaintiff's failure to appear for deposition); Fed. R. Civ. P. 37(d)(1), (3).

II.     Addresses of Jia and Li

The only remaining issue raised in Huang's pending motion is the defense demand for the addresses of plaintiffs Jia and Li.  Plaintiffs argue that the addresses are not relevant, but that "[p]laintiffs are open to discussing the possibility to keep the address disclosed confidentially under 'attorney's eye only'" (DE #35 ¶ 18; see DE #36-1).  To be sure, Huang did not explain the relevance of the addresses, but the Court is well aware that witnesses' addresses are routinely requested during depositions and that such information may assist counsel in conducting an investigation to uncover potential impeachment material.  Nevertheless, having failed to justify the need to share this information with the client, and in light of the pre-litigation physical altercation between the parties, see, e.g., First Amended Verified Answer, Counterclaim, Cross-Claim, and Third-Party Complaint (Apr. 19, 2021) ¶¶ 278-79, DE #21, Huang's attorney will not be permitted to share the addresses with the client.  Therefore, the defense request for the addresses of Jia and Li is granted in part: counsel are directed to confer in good faith to agree upon a confidentiality stipulation pursuant to which the addresses will be disclosed for attorneys' eyes only.

SO ORDERED.

Dated:     Brooklyn, New York
           November 18, 2021

/s/ *Roanne L. Mann*
ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

3