UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
XINGYAN CAO, et al.,

         **Plaintiffs,**      **REPORT AND
RECOMMENDATION**

    -against-          **20-CV-2336 (RPK)**

FLUSHING PARIS WEDDING
CENTER LLC, et al.,

         **Defendants.**
--------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court, on a referral from the Honorable Rachel P.

Kovner, is a motion filed on behalf of the twelve plaintiffs for a default judgment against five

of the eight entities named as defendants in this wage-and-hour case:  i.e., Flushing Paris

Wedding LLC d/b/a Paris Wedding Center ("Flushing Paris"); Laffection Wedding LLC

d/b/a/ Laffection Wedding; Paris Wedding Center Corp. d/b/a Paris Wedding Center;

Romantic Paris LLC d/b/a Romantic Paris Wedding; and Wedding in Paris LLC d/b/a

Wedding in Paris (collectively, the "defaulting entities").  See Motion for Default Judgment

(June 6, 2022) ("Pl. Motion"), Electronic Case Filing ("ECF") Docket Entry ("DE") #54; see

also Order Referring Motion (June 7, 2022); Affidavit in Support (June 6, 2022), DE #55;

Memorandum in Support (June 6, 2022) ("Pl. Mem."), DE #56; Proposed Default Judgment

(June 6, 2022) ("Proposed Judgment"), DE #57.  For the reasons that follow, this Court

respectfully recommends that plaintiffs' motion for default judgment be denied without

prejudice, with leave to renew upon the resolution on the merits of plaintiff's claims against the

defendants that have appeared and defended against those claims: to wit, Max Huang

("Huang"), Max Wedding NY Inc. ("Max NY"), and Max Wedding BK Inc. ("Max BK")

(together, with Huang and Max NY, referred to herein as the "appearing defendants").

<h2 align="center">FACTUAL BACKGROUND</h2>

Plaintiffs commenced this wage-and-hour lawsuit on May 26, 2020, against a series of

wedding stores/photography studios and their alleged owners/operators. See Complaint (May

26, 2020), DE #1. In addition to the defaulting entities and appearing defendants, the

Complaint and Amended Complaint name as defendants two other (non-appearing) individuals,

Sau W. Lam ("Lam") and Fiona Ruihua Yang ("Yang"). See id.; First Amended Collective

& Class Action Complaint (Aug. 27, 2020) ("Am. Compl."), DE #8. Lam and Yang

reportedly relocated to Hong Kong and have never been served. See Letter to [S]how [C]ause

(Apr. 3, 2022) ("4/3/22 Letter") at 1, DE #45.[1]

The allegations and counter-allegations in this case read like a veritable soap opera.

The dozen plaintiffs claim that they are former employees of a "chain" of stores that each and

every defendant, "through unified operation and common control for a common business

purpose[,]" collectively "operate[d as] a single integrated wedding photography enterprise"

based in Flushing, New York. Am. Compl. ¶ 33. Claiming that the various defendants —

appearing and non-appearing — are jointly and severally liable, see, e.g., id. ¶¶ 60, 61, 64,

67, and that Max NY and Max BK are "successors to" several of the defaulting entities, see

id. ¶¶ 95-96, plaintiffs now seek to recover damages aggregating literally millions of dollars,

comprising, *inter alia*, unpaid overtime and minimum wages, spread-of-hours pay, statutory

---

[1] The appearing defendants asserted a cross-claim against Lam, Yang, Flushing Paris, "and any other possible co-defendants related to Lam[,]" First Amended Verified Answer, Counterclaim, and Third-Party Complaint (Apr. 19, 2021) ("Am Ans.") ¶ 282, DE #21, but were unable to serve their pleading on the individual co-defendants, see 4/3/22 Letter.

damages under the New York Labor Law, liquidated damages, and prejudgment interest, see

Proposed Judgment at 2; Pl. Mem. at 15.[2]

Defendant Huang and the two appearing entity defendants vigorously dispute plaintiffs'

claims.  According to their pleading and the documents appended thereto, on April 13, 2020—

after the employment of each of the twelve plaintiffs had ended, see Am. Ans. ¶¶ 263-265—

defendant Max NY, through its president, defendant Huang, entered into a written contract

executed by non-appearing defendant Lam (who is married to non-appearing defendant Yang,

see id. at ¶ 281, Huang's ex-wife, see Letter Requesting Premotion Conference (Nov. 2,

2021) at 3, DE #31), to purchase the business operated by defaulting entity Flushing Paris, see

id. ¶ 268.  According to the express terms of the contract for the sale of the business and rider

thereto (Exhibit A), as well as the bill of sale (Exhibit B), the seller represented that it was not

indebted to anyone and that, to the extent the business had incurred any "debts, obligations,

liabilities prior to the closing . . . , it is seller's responsibility to deal with them."  Am. Ans.

¶¶ 268-269; id. Exs. A at ECF pp. 25, 29, B at ECF p. 33; see also id. Ex. C at ECF p. 36

(Hold Harmless Agreement, stating:  "For any claims and dispute raising [sic] out of and

related to the business license before April 13, 2020, the Seller shall hold Buyer harmless and

shall be responsible for all the fees, fines, penalties, claims, if any.").

The appearing defendants contend that shortly after the transfer of the business,

plaintiffs embarked upon a campaign to force Huang out of business.  The alleged scheme

---

[2] Plaintiffs proffer inconsistent and irreconcilable damages calculations.  Compare Proposed Judgment at 2 (demanding a total of $4,475,569.42, plus prejudgment interest, along with fees and costs) with Pl. Mem. at 15 (demanding $2,763,679.33, plus prejudgment interest and fees and costs).  Suffice it to say, plaintiffs not only have failed to explain these discrepancies but appear to have improperly included liquidated damages under both the Fair Labor Standards Act and New York Labor Law, in their Proposed Default Judgment.  See Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018).

started with sit-ins by plaintiffs at Huang's office, see Am. Ans. ¶ 275, after which, on May 4

and 6, 2020, a number of plaintiffs showed up at Huang's office and, through threats, coerced

him into signing I.O.U.s stating that he owed wages to plaintiffs, see Am. Ans. ¶¶ 276-277; id.

Exs. D, E.  On May 8, 2022, five named plaintiffs returned to Huang's office, demanding that he

turn over his business to plaintiffs, and the husband of one of the plaintiffs physically assaulted

and seriously injured Huang, resulting in Huang's filing of a victim's report with the police.  See

Am. Ans. ¶ 278-279; id. Ex. F (Nassau County Police Department Victim's Report); see also id.

Ex. G. (medical records reflecting Huang's injuries).[3]

Throughout the pretrial proceedings in this case, this magistrate judge played an active

role, resolving discovery disputes and attempting to facilitate a resolution of the litigation.

See, e.g., Minute Entry (Mar. 24, 2021), DE #19; Minute Entry (July 26, 2021), DE #26;

Minute Entry and Order (Sept. 20, 2021), DE #28; Memorandum and Order (Nov. 15, 2021),

DE #34; Memorandum and Order (Nov. 18, 2021), DE #38.

On February 16, 2022, after discovery closed and the parties filed their Joint Pre-trial

Order (Dec. 6, 2021), DE #39, Judge Kovner directed the appearing parties, within 60 days,

to move for default judgment on their respective unanswered claims within 60 days and

deferred setting a trial date until after any motions for default judgment were resolved, see

Minute Entry and Order (Feb. 16, 2022) ("2/16/22 Order").[4]  Months passed but neither side

complied with that order, prompting Judge Kovner to issue an Order to Show Cause and to *sua*

---

[3] Huang asserted a third-party claim for assault and battery against that individual, Jia Jia, see Am. Ans. ¶¶ 284-288, but did not have his current address and thus failed to serve him, see, e.g., Order (May 16, 2022).

[4] The District Court had previously dismissed the appearing defendants' counterclaims.  See Memorandum and Order (Jan. 25, 2022), DE #42.

*sponte* extend the aforesaid deadline to May 23, 2022, while threatening sanctions on any party

that persisted in flouting that directive.  See Order (May 9, 2022).  Judge Kovner adjourned

the May 23rd deadline *sine die* as to the appearing defendants, who explained that they had

been unable to serve co-defendants Lam and Yang and third-party defendant Jia Jia.  See Order

(May 16, 2022) ("5/16/22 Order); Letter in Response to May 9, 2022 Order (May 12, 2022),

DE #46.  The District Court did not extend the deadline as to plaintiffs, see 5/16/22 Order,

who then requested and secured a certificate of default as to the five defaulting entities, but did

not seek a default against the non-appearing individual defendants, Lam and Yang, see Request

For Certificate of Default (May 16, 2022), DE #49; Clerk's Entry of Default (May 24, 2022),

DE #50.  As plaintiffs then failed to move for default judgment by the (extended) May 23rd

deadline, Judge Kovner sanctioned plaintiffs' counsel $500, "to deter neglect of [plaintiff's]

pretrial obligations," and granted plaintiffs' belated request for a further extension of time to

file their motion for default judgment, until June 6, 2022.  See Order (May 27, 2022); see also

First Motion for Extension of Time (May 26, 2022), DE #51.  Not surprisingly, the defaulting

entities (which apparently are no longer operational, see Am. Compl. ¶¶ 91, 93-97, 101) have

never responded to the motion, which plaintiffs filed on June 6, 2022, see Pl. Motion.

## DISCUSSION

Although plaintiffs' motion for default judgment against the five defaulting entities

stands unopposed, and was prompted by a series of orders from the District Court, this Court

nevertheless respectfully recommends that the motion be denied without prejudice, with leave

to renew it upon the resolution of this case against the appearing defendants.  For the reasons

that follow, a decision on the merits of plaintiffs' motion at this time would result in

inefficiency and a waste of judicial resources, and would create the risk of inconsistent judgments.  Moreover, as the five defaulting entities are out of business and presumably judgment-proof, see Am. Compl. ¶ 101, plaintiffs—who were clearly in no rush to pursue default judgments—would suffer no prejudice in the event the Court were to postpone motions practice against the defaulting entities.

"As a general rule, where, as here, an action against several defendants charges them with joint and several liability and where fewer than all defendants are in default, [it has long been] the preferred practice [in this Circuit] to defer the damages inquest until after disposition of the claims against the non-defaulting defendants." Clement v. United Homes, LLC, No. 10-CV-2122 (RRM), 2010 WL 4941489, at *2 (E.D.N.Y. Nov. 30, 2010) (collecting cases); accord Morales v. Fourth Ave. Bagel Boy, Inc., 18 Civ. 3734 (DLI) (VMS), 2021 WL 7906501, at *3 (E.D.N.Y. Feb. 12, 2021); Official Comm. of Unsecured Creditors of Exeter Holding, Ltd. v. Haltman, 13-CV-5475 (JS)(AKT), 2017 WL 3981299, at *2 (E.D.N.Y. Sept. 11, 2017); FDIC v. Hodge, No. 09-CV-3234 (CBA)(JO), 2012 WL 1004788, at *5 (E.D.N.Y. Mar. 2, 2012), adopted, 2012 WL 1004784 (E.D.N.Y. Mar. 23, 2012); see, e.g., Anthracite Funding, LLC v. Bethany Holdings Grp., LLC, No. 09 Civ. 1604(PGG)(AJP), 2009 WL 1514317, at *1 (S.D.N.Y. June 1, 2009).  As often repeated in the caselaw, deferring the inquest on damages in such circumstances "avoid[s] possible inconsistent judgments and [best serves] judicial economy . . . ." Miele v. Greyling, No. 94 Civ. 3674 (WK) (AJP), 1995 WL 217554, at *3 (S.D.N.Y. Apr. 13, 1995); accord Morales, 2021 WL 7906501, at *3; Hodge, 2012 WL 1004788, at *5; Clement, 2010 WL 4941489, at *2.

There is, however, less uniformity in the caselaw as to whether to defer default judgment on *liability* when fewer than all defendants have defaulted and they are alleged to be jointly and severally liable. The divergence in opinions arises out of differing interpretations of the Supreme Court's decision in 1872 in Frow v. De La Vega, 82 U.S. 552 (1872), wherein the Court explained that in a multi-defendant case in which defendants are alleged to be *jointly* liable, entering a default judgment on liability against some defendants while others continue to defend the case would run the risk of inconsistent judgments. See generally Lemache v. Tunnel Taxi Mgmt., LLC, 354 F.Supp.3d 149, 152-53 (E.D.N.Y. 2019) (discussing the *Frow* rule). But "[j]oint liability is distinct from 'joint and several liability[,]'" Lemache, 354 F.Supp.3d at 153, and where, as here, the pleading alleges joint and several liability, "it is possible and consistent to hold the defaulting corporations liable even if [the appearing defendants are] not[,]" id. at 154.

"Nonetheless, even if *Frow* is inapplicable, it does not follow that the Court should now resolve the motion for default judgment in this case." Lemache, 354 F.Supp.3d at 154. Increasingly, in wage-and-hour cases asserting joint and several liability, courts within this Circuit have held that motions for default judgment should be postponed until after the resolution of the claims against the appearing defendants. See, e.g., De Los Santos v. 94 Corner Cafe Corp., 1:21-cv-1577–MKV, 2021 WL 5180870, at *2 (S.D.N.Y. Nov. 8, 2021); Kan Ming v. 2317 Omiya Sushi, Inc., 19-CV-298-FB-SJB, 2021 WL 2457962, at *4-5 (E.D.N.Y. Apr. 5, 2021), adopted sub nom. Ming Kan v. 2317 Omiya Sushi, Inc., 2021 WL 2453492 (E.D.N.Y. June 16, 2021); Morales, 2021 WL 7906501, at *3-4; Chen v. Kicho Corp., 18-CV-07413, 2020 WL 8512849, at *1-2 (S.D.N.Y. Dec. 30, 2020); Lemache, 354

F.Supp.3d at 155-56; see also Peralta v. Roros 940, Inc., 11-cv-6242 (NG), 2016 WL 1389597, at *2 (E.D.N.Y. Apr. 7, 2016) (in discrimination case alleging joint and several liability, court denies motion for default judgment without prejudice pending resolution of claims against non-defaulting defendant).

This Court respectfully recommends that the District Court follow that trend and deny plaintiffs' motion for default judgment without prejudice.  At a minimum, the assessment of damages against the defaulting entities "should be postponed until disposition of the claims on the merits against [the] non-defaulting defendants in order to avoid inconsistent damage determinations." Morales, 2021 WL 7906501, at *3 (collecting cases); see, e.g., Kan Ming, 2021 WL 2457962, at *4; Lemache, 354 F.Supp.3d at 155-56.  Moreover, "[t]here are reasons to avoid a decision on liability as well[,]" as a determination of liability against the defaulting defendants would "do[ ] nothing for [plaintiffs]." Lemache, 354 F.Supp.3d 155. "Without a damages calculation to accompany the liability determination, no final judgment could be entered in [their] favor, and there could be no enforceable judgment that [plaintiffs] could attempt to collect." Id.; see Kan Ming, 2021 WL 2457962, at *4.

Nor would plaintiffs suffer any "discernable prejudice" if motions practice were deferred, "since resolving liability against the defaulting [entities would] not assist [them] in litigating the case against" the appearing defendants. Lemache, 354 F.Supp.3d at 155; see Kan Ming, 2021 WL 2457962, at *4; Morales, 2021 WL 7906501, at *4; Chen, 2020 WL 8512849, at *2.  Plaintiffs will still have to prove that the appearing defendants are liable for the wage-and-hour violations allegedly committed by the defaulting entities (from whom they purchased the business), and any resolution of the default judgment against the defaulting

entities would have "no collateral estoppel or law of the case effect on the parties who are actually appearing." Lemache, 354 F.Supp.3d at 155; accord Morales, 2021 WL 7906501, at *4; Kan Ming, 2021 WL 2457962, at *4.

In short, this Court concludes that the more prudent and efficient course is to avoid a premature decision on plaintiffs' motion for default judgment against the defaulting entities. See generally Chain v. North East Freightways, Inc., 16 Civ. 3371 (JCM), 2020 WL 7481142, at *18 (S.D.N.Y. Dec. 18, 2020) (recommending that the District Court vacate a previously entered default judgment against a non-appearing defendant where, as here, "[p]laintiff's *only* theory of liability against [the appearing] [d]efendants is that they are liable for [the defaulting defendant's] violation . . . under a theory of successor liability"), adopted, 2021 WL 5051656 (S.D.N.Y. Nov. 1, 2021).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that plaintiffs' motion for default judgment be denied without prejudice, with leave to renew following resolution of the claims against the appearing defendants, and that the District Court set a trial date and deadlines for pretrial submissions. See generally 2/16/22 Order (deferring scheduling of the same until "any motions for default judgment are resolved"). Plaintiffs are directed to promptly serve copies of this Report and Recommendation on the defaulting defendants, and to file proof of service.

Any objections to the recommendations contained herein must be filed with the Honorable Rachel P. Kovner on or before October 31, 2022. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008).

       **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
           **October 14, 2022**


    /s/ *Roanne L. Mann*
        **ROANNE L. MANN**
        **UNITED STATES MAGISTRATE JUDGE**